UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEN WILLIAM COFFIN,

       Petitioner,

                                        Case No. 1:12-cv-1196

v.

                                        Hon. Robert J. Jonker

STEVE RIVARD,

       Respondent.

_____/

**REPORT AND RECOMMENDATION**

       Ben William Coffin, Jr., a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is now before the Court on respondent's motion for summary judgment which seeks dismissal of the habeas petition as untimely and, in the alternative, seeks dismissal of petitioner's habeas Issue I (docket no. 13).

       **I.    Background**

       On January 31, 2008, a jury found petitioner guilty of armed robbery, M.C.L. § 750.529. *Coffin*, No. 285564, slip op. at p. 1 (Mich. App. Sept. 3, 2009) (docket no. 29); Sent. Trans. at pp. 208-09 (docket no. 19). On April 22, 2008, the state court sentenced him as a fourth habitual offender to 28 to 50 years in prison consecutive to any sentence he was serving. *Coffin*, No. 285564, slip op. at p. 1; Sent. Trans. at p. 8 (docket no. 20).

       Petitioner filed an appeal of right with the Michigan Court of Appeals, raising one issue:

> Did the sentencing judge lack authority to make Mr. Coffin's sentence consecutive to one he was serving for a probation violation? Must the judgment be amended to make the sentences concurrent?

Petitioner's Brief (docket no. 29). On September 3, 2009, the Michigan Court of Appeals remanded the case "with instructions that the trial court amend the judgment of sentence to reflect that defendant's sentence for the instant conviction is to be served concurrently with that for the previous conviction." *People v. Coffin*, No. 285564 (Sept. 3, 2009). Petitioner did not appeal this decision to the Michigan Supreme Court. *See* Affidavit of Corbin R. Davis (docket no. 30).[1]

Petitioner filed a *pro se* motion for relief from judgment on October 25, 2010, raising a number of issues unrelated to the sentencing issue raised on his direct appeal. *See* Motion (docket no. 23). The trial court denied the motion in an order entered on November 4, 2010. *See* Order (docket no. 26). Petitioner filed a *pro se* motion for reconsideration on November 18, 2010. *See* Motion for reconsideration (docket no. 22). Then, on January 21, 2011, petitioner, through counsel, filed a motion to amend or supplement the pending motion for reconsideration. *See* Motion to amend or supplement (docket no. 24). The trial court heard the amended motion for reconsideration on February 24, 2011 and denied the amended motion in an order entered on March 11, 2011. *See* Motion Trans. (docket no. 21); Order (docket no. 25).

Petitioner filed a delayed application for leave to appeal the March 11, 2011 order to the Michigan Court of Appeals, which that Court denied on March 30, 2012. *People v. Coffin*, No. 306350 (Mich. App. March 30, 2012) (docket no. 31). Petitioner then filed an application for

---

[1] The Court notes that there is not a separate record of petitioner's re-sentencing in the Rule 5 materials.

leave to appeal to the Michigan Supreme Court, which that Court denied on October 22, 2012. *People v. Coffin*, 493 Mich. 868, 821 N.W.2d 566 (2012).[2]

Coffin filed a petition in this Court seeking habeas relief under 28 U.S.C. § 2254. *See* Petition (docket no. 1). The petition is dated October 24, 2012, and was filed in this Court on October 31, 2012. *Id.* Because Coffin filed his petition *pro se*, the petition is considered filed as of the date he signed it under penalty of perjury. *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). Petitioner filed an amended petition which was dated December 28, 2012 and docketed on January 4, 2013. *See* Amend. Pet. (docket no. 6).[3]

## II. Respondent's motion for summary judgment

### A. Summary judgment standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

---

[2] The Court notes that respondent did not include a copy of this order in the Rule 5 materials.

[3] In his brief, respondent erroneously states that Coffin "filed his petition in December 2012, long after the period of limitations expired." Respondent's Brief at p. 10. It appears that respondent referred to the date that Coffin filed his amended petition.

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### B. Statute of limitations

Respondent contends that petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The AEDPA further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision of § 2244(d)(2) to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

**C. Coffin's petition was timely**

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The record reflects that petitioner appealed his conviction to the Michigan Court of Appeals, which remanded the case to the trial court on September 3, 2009. Petitioner did not appeal this order to the Michigan Supreme Court. When a habeas petitioner does not file an appeal from the state appellate court to the state supreme court, the judgment becomes final when the time for seeking such review expires. As the Supreme Court stated in *Gonzalez v. Thaler*, -- U.S. --, 132 S. Ct. 641(2012):

> The text of § 2244(d)(1)(A), which marks finality as of "the conclusion of direct review or the expiration of the time for seeking such review," consists of two prongs. Each prong -- the "conclusion of direct review" and the "expiration of the time for seeking such review" -- relates to a distinct category of petitioners. For petitioners who pursue direct review all the way to this Court, the judgment becomes final at the

"conclusion of direct review" -- when this Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review" -- when the time for pursuing direct review in this Court, or in state court, expires. We thus agree with the Court of Appeals that because Gonzalez did not appeal to the State's highest court, his judgment became final when his time for seeking review with the State's highest court expired.

*Gonzalez*, 132 S. Ct. at 653-54. *See also Keeling v. Warden, Lebanon Correctional Institution*, 673 F.3d 452, 460-61 (6th Cir. 2012) ("Because Keeling failed to pursue direct review all the way to the [Ohio] Supreme Court, his judgment became final at the expiration of the time for pursuing direct review in state court"). Here, petitioner's judgment became final at the expiration of the 56 days which he had to appeal the September 3, 2009 order to the Michigan Supreme Court. *See* MCR 7.302(C)(2). Based on this record, petitioner's one-year statute of limitations commenced on October 29, 2009.

Respondent contends that for purposes of 28 U.S.C. § 2244(d)(1)(A), petitioner's direct appeal concluded on September 3, 2009, the date when the Michigan Court of Appeals granted Coffin "all the relief he sought on direct appeal, and remanded for resentencing." Respondent's Brief at p. 9. The Court disagrees. In *Gonzalez*, the Supreme Court stated that the one-year statute of limitations commenced when the habeas petitioner concluded direct review or at the "expiration of the time for seeking such review." *Gonzalez*, 132 S. Ct. at 653. In reaching this decision, the Court observed that in *Clay v. United States*, 537 U.S. 522 (2003), a federal case involving a similar one-year statute of limitations applicable to a motion for post-conviction relief under 28 U.S.C. § 2255, "we rejected the argument that, if a petitioner declines to seek certiorari, the limitations period 'starts to run on the date the court of appeals issues its mandate.'" *Gonzalez*, 132 S. Ct. at 653 (quoting *Clay*, 537 U.S. at 529). Similarly, this Court should reject respondent's

6

argument that the limitations period for Coffin started to run when the Michigan Court of Appeals issued its opinion remanding the case to the state trial court. While respondent points out that the Michigan Court of Appeals granted Coffin all of the relief he requested on September 3, 2009, this was not the end of Coffin's direct appeal for purposes of calculating the one-year statute limitations set forth in § 2244(d)(1). Rather, for purposes of determining timeliness under § 2244(d)(1), Coffin's judgment became final on October 29, 2009, the last date that he could seek direct review by the Michigan Supreme Court.

Having established that the one-year statute of limitations commenced on October 29, 2009, Coffin had to file his habeas petition on or before October 29, 2010. As discussed, Coffin filed his petition on October 24, 2012. Obviously, he filed more than one year after the time for direct review expired. Thus, absent tolling or other excuse, his application is time-barred.

In this case, petitioner filed a post-trial motion for relief from judgment. Under § 2244(d)(2), a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. An application for post-conviction relief "is pending as long as the ordinary state collateral review process is 'in continuance' - *i.e.*, 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures . . . ." *Carey v. Saffold*, 536 U.S. 214, 219 (2002).

Petitioner filed his motion for relief from judgment on October 25, 2010, 361 days into the 365-day limitations period. That filing tolled the one-year habeas statute of limitations, leaving petitioner with four days to file his habeas petition once the post-trial collateral review concluded. The collateral review process included an order from the trial court denying the motion,

7

an order from the trial court denying reconsideration of the motion, an order from the Michigan Court of Appeals denying the delayed application for leave to appeal, and finally an order from the Michigan Supreme Court denying the application for leave to appeal, which terminated the collateral review on October 22, 2012. As discussed, *supra*, Coffin filed his habeas petition two days later, on October 24, 2012. Based on this record, Coffin timely filed his petition with two days remaining on the statute of limitations. Accordingly, respondent's motion for summary judgment with respect to the statute of limitations (docket no. 13) should be denied.

### D. Petitioner's Issue I

Respondent also seeks summary judgment on petitioner's first issue raised in the amended habeas petition. Coffin's amended petition raised six grounds for habeas relief (in his words):

> I. Did the trial court abuse its discretion in failing to grant petitioner's motion for relief of judgment.
>
> II. Petitioner was denied the right to effective assistance of trial and appellate counsel.
>
> III. Trial courts abused its discretion in denying a continuance to prepare alibi defense.
>
> IV. Trial courts violation of defendants Fifth and Sixth amendment rights by denying motion for substitution of counsel based on conflict of interest.
>
> V. Did the prosecutor commit numerous acts of misconduct in violation of the fifth amendment.
>
> VI. Was defendant denied effective assistance of defense counsel for failing to subject the prosecutor's case to meaningful adversarial testing.

Amend. Petition (docket no. 6).

8

Respondent contends that he is entitled to summary judgment on petitioner's habeas Issue I because (1) Issue I is duplicative of petitioner's other claims, all of which were raised in his motion for relief, and (2) Issue I is not a cognizable claim for habeas relief. The Court agrees. All six of petitioner's habeas issues were raised on his motion for relief from judgment. The relief sought in Issue I is effectively a "catch-all" claim which is duplicative of the more specific claims raised in Issues II-VI. Furthermore, petitioner's claim that the trial court committed error while conducting post-conviction proceedings is outside of the scope of federal habeas review. As the Sixth Circuit explained in *Cress v. Palmer*, 484 F.3d 844 (6th Cir. 2007):

> "[T]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review. *See Kirby v. Dutton*, 794 F.2d 245, 246-47 (6th Cir.1986); *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir.2002). We have clearly held that claims challenging state collateral post-conviction proceedings "cannot be brought under the federal habeas corpus provision, 28 U.S.C. § 2254," because " 'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody.' " *Kirby*, 794 F.2d at 246 (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)); *see also Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("States have no obligation to provide this avenue of relief, and when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well." (citation omitted)). A due process claim related to collateral post-conviction proceedings, even if resolved in a petitioner's favor, would not "result [in] . . . release or a reduction in . . . time to be served or in any other way affect his detention because we would not be reviewing any matter directly pertaining to his detention." *Kirby*, 794 F.2d at 247. "Though the ultimate goal in" a case alleging post-conviction error "is release from confinement, the result of habeas review of the specific issue[ ] . . . is not in any way related to the confinement." *Id.* at 248. Accordingly, we have held repeatedly that "the scope of the writ [does not] reach this second tier of complaints about deficiencies in state post-conviction proceedings," noting that "the writ is not the proper means" to challenge "collateral matters" as opposed to "the underlying state conviction giving rise to the prisoner's incarceration." *Id.* at 248, 247; *see also Alley v. Bell*, 307 F.3d 380, 387 (6th Cir.2002) ("error committed during state post-conviction proceedings can not [ sic ] provide a basis for federal habeas relief" (citing *Kirby*, 794 F.2d at 247)); *Greer v. Mitchell*, 264 F.3d 663, 681 (6th Cir.2001) ("habeas corpus cannot be used to mount challenges to a state's scheme of post-conviction relief").

*Cress*, 484 F.3d at 853. Accordingly, respondent's motion for summary judgment should be granted with respect to petitioner's habeas Issue I.

### III. Recommendation

I respectfully recommend that respondent's motion for summary judgment (docket no. 13) be **DENIED** as to the claim that the habeas petition was filed untimely;

I further recommend respondent's motion for summary judgment be **GRANTED** with respect to petitioner's habeas Issue I and that this issue be **DENIED;** and

I further recommend that respondent be given 60 days to file an answer to Issues II, III, IV, V and VI of the amended petition.


Dated: February 10, 2014              /s/ Hugh W. Brenneman, Jr.
                                      HUGH W. BRENNEMAN, JR.
                                      United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).