UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEN WILLIAM COFFIN,

       Petitioner,

CASE NO. 1:12-CV-1196

v.

HON. ROBERT J. JONKER

STEVE RIVARD,

       Respondent.
_____/

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation (docket # 41); Respondent's Objection (docket #42); and Petitioner's Response to Objection (docket # 43). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Magistrate Judge recommends denying Respondent's motion for summary judgment as to the claim that the habeas petition was filed untimely. The Respondent objects and contends the petition was untimely. The Magistrate Judge further recommends granting Respondent's motion for summary judgment with respect to Petitioner's Issue I and that this Issue be denied. No one objects to this recommendation. The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Respondent's Objection; and Petitioner's Response to Objection. After its review, the Court finds that the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

The timeliness issue turns on when Petitioner's state court judgment became final for AEDPA. All agree the Michigan Court of Appeals issued its order remanding Petitioner's case "with instructions that the trial court amend the judgment of sentence to reflect that defendant's sentence for the instant conviction is to be served concurrently with that for the previous conviction," on September 3, 2009. *People v. Coffin*, No. 285564 (Sept. 3, 2009). Respondent contends that Petitioner's direct appeal period concluded with the issuance of the September 3, 2009 order because Petitioner prevailed on the only issue he had raised on appeal. The Magistrate Judge disagreed and applied the well-established rule under *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641 (2012), that the direct appeal period runs through "'expiration of the time for seeking such [direct] review' – when the time for pursuing direct review in this Court, or in state court, expires." *Gonzalez*, 132 S. Ct. at 653-54.

Respondent presents no legal authority to support its position that *Gonzalez* should not apply when a petitioner prevails on an intermediate appeal. Instead, Respondent argues the practical point that Petitioner would not have been able to get anything more from the Michigan Supreme Court

review, because there was no remaining relief he was seeking. This is not persuasive. The point of *Gonzalez* is to create a simple, easy-to-apply test to guide litigants and courts. Assessing in retrospect whether a party had more to gain is beside the point. Respondent's theory would also dictate the incongruous result that a petitioner who lost on an appeal and failed to seek direct review would still get the benefit of 56 more days than a petitioner who won on appeal. For the very reasons the Report and Recommendation details, the Court agrees with the Magistrate Judge's conclusion that Petitioner's judgment became final, for the purpose of the § 2244(d)(1) analysis, upon the expiration of the 56 days he had to appeal the September 3, 2009 order to the Michigan Supreme Court. Respondent's Objection fails.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 41) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that

1. Respondent's Motion for Summary Judgment (docket # 13) is **DENIED** as to the claim that the habeas petition was filed untimely;

2. Respondent's Motion for Summary Judgment (docket # 13) is **GRANTED** with respect to Petitioner's habeas Issue I, and Petitioner's habeas Issue I is **DENIED**;

3. Respondent's answer to Issues II, III, IV, V, and VI of the amended petition is due no later than 60 days after the date of this Order.

Dated:     March 13, 2014            /s/ Robert J. Jonker
                                     ROBERT J. JONKER
                                     UNITED STATES DISTRICT JUDGE